UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SIERA A. B.-S. [1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:21-cv-00247-MJD-JPH |
| | ) |
| KILOLO KIJAKAZI, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR EAJA FEES**

This matter is before the Court[2] on Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). [Dkt. 22.] The Court **GRANTS** the motion for the reasons set forth below.

**I. Background**

On January 29, 2021, Plaintiff filed her Complaint seeking judicial review of the ALJ's unfavorable finding denying Plaintiff's application for disability benefits. [Dkt. 1.] The Court

---

[1] In an effort to protect the privacy interests of claimants for Social Security benefits, the Southern District of Indiana has adopted the recommendations put forth by the Court Administration and Case Management Committee of the Administrative Office of the United States Courts regarding the practice of using only the first name and last initial of any non-government parties in Social Security opinions. The Undersigned has elected to implement that practice in this Order.

[2] On April 27, 2021, the parties filed a joint consent to the jurisdiction of the assigned magistrate judge. [Dkt. 8.] On May 3, 2021, Judge Hanlon referred the matter to Judge Pryor, who was the assigned magistrate judge at that time. [Dkt. 9.] On December 15, 2022, this matter was reassigned from Magistrate Judge Pryor to the undersigned. [Dkt. 24.] Pursuant to the parties' consent and the order referring the case to the assigned magistrate judge, the parties' consent to the undersigned became effective thirty days after the date of reassignment if no objection was filed. [Dkts. 8 & 9.] More than thirty days have passed since the reassignment, and no objection has been filed.

ruled in favor of Plaintiff and entered judgment on September 14, 2022, reversing the decision of the Commissioner and remanding for further proceedings. [Dkt. 21.] Plaintiff timely filed the instant motion with supporting documentation on December 7, 2022, requesting an EAJA attorney fee award in the amount of $6,783.88 and costs in the amount of $402.00. [Dkt. 22.]

## II. Discussion

Pursuant to the Equal Access to Justice Act ("EAJA"), a "court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States." 28 U.S.C. § 2412(d)(1)(A). In order to succeed on a Petition for EAJA fees, the movant must, within thirty days of final judgment in the action, file an application (1) showing that she is a "prevailing party," (2) providing the Court with an itemized statement that represents the computation of the fees requested, and (3) alleging that the position taken by the United States was "not substantially justified." 28 U.S.C. § 2412(d)(1)(B). Additionally, the Court may, in its discretion, reduce or deny the award of fees and expenses if the prevailing party "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" during the course of the proceedings. 28 U.S.C. § 2412(d)(1)(C).

There is no question that Plaintiff is a prevailing party in this case. *See Shalala v. Schaefer*, 509 U.S. 292 (1993) (holding that Plaintiff whose complaint is remanded to an administrative law judge for further consideration qualifies as a "prevailing party" under Section 2412(d)(1)(B) of the EAJA). Plaintiff has provided appropriate documentation for her fee request and alleged that the position of the Commissioner was not substantially justified. Next, the Commissioner bears the burden of proving that her pre-litigation conduct, including the ALJ's decision itself, and her litigation position were substantially justified. *See Stewart v.*

*Astrue*, 561 F.3d 679, 683 (7th Cir. 2009).  The Commissioner has not done so here; indeed, the Commissioner has filed a response to the motion in which she states that she does not object to the fee request.  [Dkt. 26.]  The Court also is not aware of any "conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" by Plaintiff or her counsel.  Therefore, the Court will not reduce or deny an award of fees or expenses on such grounds.

Finally, the Court must determine whether the amount of the fee award sought by Plaintiff is reasonable pursuant to the terms of the EAJA.  As a threshold requirement, 28 U.S.C. § 2412(d)(1)(B) of the EAJA requires Plaintiff to submit "an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed."  Plaintiff has done so.  *See* [Dkt. 23-1].  Plaintiff's counsel spent 1.0 hours on this case in 2020, 30.5 hours on this case in 2021, and 0.1 hours on this case in 2022; and their staff spent 1.5 hours, which the Court finds to be reasonable.

A reasonable EAJA fee is calculated under the lodestar method by multiplying a reasonable number of hours expended by a reasonable hourly rate.  *Astrue v. Ratliff*, 560 U.S. 586, 602 (2010).  Although the hourly rate is statutorily capped at $125.00 per hour, the language of the statute permits the Court to allow for "an increase in the cost of living" to arrive at a higher hourly rate.  28 U.S.C. § 2412(d)(2)(A).  In order to prove that such an increase is justified, the Seventh Circuit has held that "an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience."  *Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).

Reliance solely on a readily available measure of inflation is not sufficient, as an inflation-adjusted rate might result in a rate higher than the prevailing market rate in the community for comparable legal services, creating a windfall, which is to be avoided. *Id.* at 428-29.

Plaintiff sets out the appropriate calculation[3] of the applicable hourly rates permitted by the EAJA, taking into account the increase in the cost of living, as set forth in the Consumer Price Index (CPI)-All Items Index, since the statutory hourly rate was set at $125 per hour in March 1996. *See* [Dkt. 23 at 3, 5.] That calculation arrives at a maximum statutory rate of marginally greater than $206.25 for work performed in 2020, $210.00 for worked performed in 2021, and $226.25 for work performed in 2022, which are the rates requested by counsel. The Court finds that this rate does not exceed the prevailing market rate in the community by lawyers of comparable skill and experience and is consistent with the rate approved in other similar cases in this district. The Court also finds that the $100.00 hourly rate requested for the work of non-attorney staff is reasonable. An award of costs in the amount of the filing fee paid, $402.00, is also appropriate. *See* 28 U.S.C. § 1920.

### III. Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), [Dkt. 22], and awards fees in the amount of $6,783.88, plus costs in the amount of $402.00. An award under

---

[3] The Court notes that Plaintiff's motion is missing cost of living calculations for the years 2016 through 2022 [Dkt. 23 at 3], forcing the Court to fill in these gaps in order to determine whether Plaintiff's calculated maximum statutory rate accurately reflects the increased cost of living. The Court further takes judicial notice that Ms. Wold's motions for attorney fees filed before this Court often, if not always, are missing this information. The missing cost of living calculations for the years 2016-2022 should be included in any future motions for attorney fees that Ms. Wold files, as it is information the Court needs in order to efficiently rule on the motions for fees.

the EAJA belongs to Plaintiff and not her attorney and can be offset to satisfy any pre-existing debt that Plaintiff owes the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010). However, if Defendant verifies that Plaintiff does not owe a pre-existing debt to the government subject to the offset, Defendant shall direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and counsel, [Dkt. 23-2].

    SO ORDERED.

Dated: 19 JAN 2023

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.